IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. C 15-3206 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JUDGE LELAND DAVIS III; KAMALA HARRIS, | |
| Defendants. | |

## INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

1  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
2  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
3  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
4  do. . . .  Factual allegations must be enough to raise a right to relief above the speculative
5  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
6  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
7  at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901
8  F.2d 696, 699 (9th Cir. 1990).

### B. LEGAL CLAIMS

Plaintiff alleges that he filed a habeas petition in San Mateo County Superior Court in October 2014, and then in January 2015 filed a request for judicial notice of provisions of the California constitution.  Thereafter, he additional documents challenging state court rules and a request for ruling.  All of these requests were denied by defendant, Superior Court Judge Leland Davis III.  In this civil rights case, he seeks orders reversing and vacating the superior court's order, money damages for what he asserts is an incorrect ruling, discipline of the judge, and an investigation into the California Attorney General's Office.

The federal district courts do not have subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment," which is what Plaintiff seeks here.  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Plaintiff's request for money damages is, moreover, barred by the doctrine of judicial immunity because Davis's actions were performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  The proper avenue for plaintiff to pursue review of the superior court's decisions is in the state appellate courts.  Lastly, there is no authority for the federal court to discipline a superior court judge.

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  31 , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE